**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY CO., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-2927 NAB |
| | ) | |
| STEPHEN G. PEITZ, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On December 26, 2017, State Farm Fire and Casualty Company ("State Farm") commenced this action by filing a Complaint in Interpleader. Presently before the Court is State Farm's unopposed "Motion for Dismissal and Discharge and for Entry or Preliminary Order in Interpleader." (Doc. 44). Also pending before the Court in this matter are several related motions, including Defendant Westport Crossing Condominium Association's ("Westport") "Motion to Dismiss Defendant Granicks' Crossclaim" (Doc. 27); Defendants Robert and Deborah Granick's ("Granicks") "Motion to Dismiss" their pending counterclaim and crossclaims (Doc. 29); Granicks' "Motion to Dismiss Defendant Maher's Crossclaim" (Doc. 50); Defendant Jeffrey Maher's ("Maher") "Motion for Leave to File Dismissal Without Prejudice" (Doc. 55); and Maher's "Motion to Dismiss" his counterclaim against State Farm (Doc. 57). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 25). For the reasons discussed below, all the motions currently before the Court in this matter will be granted except for Westport's "Motion to

Dismiss" (Doc. 27), and the Granicks' "Motion to Dismiss Maher's Crossclaim" (Doc. 50), both of which will be denied as moot.

**I. Background**

On August 14, 2017, a fire started on the wooden deck of Stephen Peitz's ("Peitz") condominium, damaging a number of the surrounding units in the Westport Crossing Condominiums located at 11579 Tawny Ash Court in St. Louis, Missouri. Peitz had a renter's insurance policy through State Farm that was effective on the date of the fire. This State Farm policy, Policy Number 25-B7-H816-6, has an applicable policy limit of $300,000.00 per occurrence, regardless of the number of claims or claimants. The affected condominium residents and owners filed multiple claims with State Farm, and as of the date of the filing of this action, claims had been made against the State Farm policy issued to Peitz in an amount exceeding $444.787.00.  In order to resolve the various claims arising out of the fire, State Farm filed this interpleader action pursuant to 28 U.S.C. § 1335, and named as interpleaded defendants all the condominium residents and owners who had submitted claims with State Farm against the Peitz policy.  State Farm paid $300,000.00 into the Registry of the Court as the interpleaded *res* for equitable distribution.

Some of the affected neighbors also filed claims with their own insurance company.  At the time of the fire, Auto Club Family Insurance insured interpleaded defendants Jason Squires, Crystal Squires, and Carl Goodman, and has issued payments exceeding $120,000.00 to the Squires and $50,000.00 to Goodman as a result of damages caused by the fire.  Auto Club subsequently filed a petition to intervene in this action, asserting that they are subrogated to the rights of the Squires and Goodman, and that petition was granted on May 21, 2018. (Doc. 51).

On March 7, 2018, the Granicks filed a counterclaim against State Farm and crossclaims against all the interpleaded defendants (Doc. 23). Subsequently, on March 26, 2018, Westport filed a motion to dismiss the Granicks' crossclaim against it. (Doc. 27). On April 2, 2018, the Granicks filed a motion to dismiss without prejudice all of their crossclaims against the other defendants, as well as their counterclaim against State Farm. (Doc. 29). On May 9, 2018, defendant Maher filed a counterclaim against State Farm (Doc. 38), and crossclaims against all the other interpleaded defendants (Doc. 39). On May 16, 2018, State Farm filed the instant motion for discharge (Doc. 44), which is unopposed by the other parties. On May 18, 2018, the Granicks filed a motion to dismiss Maher's crossclaim. (Doc. 50). On May 23, 2018, Maher filed a motion to dismiss without prejudice his crossclaims against all other defendants. (Doc. 55). Lastly, on May 29, 2018, Maher filed a motion to dismiss his counterclaim against State Farm. (Doc. 57).

## II. Discussion

The Court will turn first to Plaintiff's unopposed motion for interpleader relief. Plaintiff moves the Court to enter an order in interpleader dismissing State Farm with prejudice from the action and discharging it from any further liability for payment of claims against defendants Peitz and Harris, who were the insureds under Policy Number 25-B7-H816-6, for damages allegedly resulting from the fire.

Interpleader is a procedural device that allows a party holding money or property to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder, in this case State Farm, is freed from the threat of multiple liability. *See Gaines v. Sunray Oil Co*., 539 F.2d 1136, 1141 (8th Cir. 1976). A party may bring a claim under statutory interpleader, governed by 28 U.S.C. § 1335, as State Farm did here, or under Rule 22 of

the Federal Rules of Civil Procedure. The same principles apply to both statutory and rule interpleader, and the only differences between the two involve procedural requirements such as jurisdiction, venue, service of process, and amount in controversy. *See Wittry v. Nw. Mut. Life Ins. Co*., 727 F.Supp. 498, 500 (D. Minn. 1989).

In an interpleader action brought pursuant to 28 U.S.C. § 1335, the district court must first determine whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability. During this first step, the court "determines whether the prerequisites to rule or statutory interpleader have been met by examining such things as the citizenship of the litigants, the merits of the asserted threat of multiple vexation, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit or bond . . .." *Vanderlinden v. Metro. Life Ins. Co*., 137 F.Supp. 2d 1160, 1164 (D. Neb. 2001). If these requirements are met, the court may dismiss the disinterested stakeholder from the interpleader action, leaving the claimants to litigate, adjust, or settle their conflicting claims among themselves. *Id*.

The interpleader statute requires that the value of the money in the plaintiff's possession be in an amount of $500.00 or more, and that there be at least two adverse claimants of diverse citizenship asserting claims to the money or property. 28 U.S.C. § 1335(a)(1). In the instant case, the requirements of the statute have been met. The record shows that there are competing claims by minimally diverse parties on a single obligation. Also, State Farm's interest in this case is confined to the $300,000.00 proceeds from the insurance policy, and State Farm asserts no remaining claim to the *res* deposited in the Registry of the Court, and is therefore a disinterested stakeholder. And finally, the value of the disputed property exceeds $500.00.

Accordingly, an interpleader action is appropriate, and State Farm's motion will be granted. *See Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 785 F.Supp. 2d 188, 198 (S.D.N.Y. 2011) (when interpleader is appropriate, a disinterested stakeholder is entitled to discharge and protection from further liability arising out of any claims to the funds at issue in the action).

The Court turns next to the multiple pending motions to dismiss various counterclaims and crossclaims. On April 2, 2018, Defendants Robert and Deborah Granick filed a "Motion to Dismiss" seeking dismissal without prejudice of their counterclaim against State Farm and all their crossclaims against the other Defendants. (Doc. 29). However, Plaintiff State Farm and Defendant Westport had already responded to the Granicks' crossclaim prior to Granicks' filing of their Motion to Dismiss. (Docs. 26 and 27).

Because the Granicks' dismissal was not filed prior to Plaintiff State Farm's answer or Defendant Westport's motion to dismiss, nor was it filed with the signatures of all parties who have appeared, it does not satisfy the requirements for a voluntary dismissal without a court order pursuant to Rule 41(a)(1)(A). Thus, the Court will construe the dismissal as a motion to dismiss pursuant to Rule 41(a)(2), which permits the Court to dismiss an action upon a party's request by court order. The Court finds that the motion should be granted. Additionally, because State Farm is being dismissed with prejudice from this action, the dismissal of the Granicks' counterclaim against State Farm is likewise with prejudice.

Furthermore, because the Court is granting the Granicks' motion to dismiss their counterclaims and crossclaims, the Court will dismiss Defendant Westport's "Motion to Dismiss Defendant Granicks' Crossclaim" as moot. (Doc. 27).

On May 23, 2018, Defendant Jeffrey Maher filed a "Motion for Leave to File Dismissal Without Prejudice" seeking dismissal without prejudice of his crossclaims against the other

Defendants. (Doc. 55). The Granicks had already responded to Maher's crossclaim prior to Maher filing his Motion to Dismiss. (Doc. 50).

Because Defendant Maher's dismissal was not filed prior to the Granicks' motion to dismiss, nor was it filed with the signatures of all parties who have appeared, it too does not satisfy the requirements for a voluntary dismissal without a court order pursuant to Rule 41(a)(1)(A). Thus, the Court will construe the dismissal as a motion to dismiss pursuant to Rule 41(a)(2), which permits the Court to dismiss an action upon a party's request by court order. The Court finds that the motion should be granted. (Doc. 55)

Additionally, because the Court is granting Maher's motion to dismiss his crossclaims, the Court will dismiss the Granicks' Motion to Dismiss Maher's Crossclaim as moot. (Doc. 50).

On May 29, 2018, Maher also filed a "Motion to Dismiss" seeking dismissal without prejudice of his counterclaim against State Farm. (Doc. 57). Because State Farm has not answered or otherwise responded to Maher's counterclaim, voluntary dismissal is proper, and the Court finds that Maher's Motion to Dismiss should be granted. However, as noted above, because State Farm is concurrently being dismissed from this action with prejudice, the Court notes that the dismissal of Maher's Motion to Dismiss his counterclaim against State Farm is likewise with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that State Farm's Motion for Dismissal and Discharge is **GRANTED**. (Doc. 44). Plaintiff State Farm, having deposited with the Registry of the Court on January 17, 2018, the entire per occurrence policy limits of Policy Number 25-B7-H816-6, insuring Defendants Stephen Peitz, Jr. and Mark Harris, is hereby dismissed with prejudice from this action and is hereby discharged from any and all liability for payment of claims made

against Defendants Peitz and/or Harris, arising out of a fire discovered on August 14, 2017, at the Westport Crossing Condominiums. The Clerk of the Court shall retain the funds deposited by Plaintiff in the Registry of the Court pending final resolution of these proceedings.

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant Westport's "Motion to Dismiss Defendant Granicks' Crossclaim" is **DENIED** as moot.  (Doc. 27).

**IT IS FURTHER ORDERED** that Defendants Robert and Deborah Granick's "Motion to Dismiss" seeking dismissal without prejudice of their counterclaim against State Farm and all their crossclaims against the other Defendants is **GRANTED**. (Doc. 29).

**IT IS FURTHER ORDERED** that Defendants Robert and Deborah Granick's Motion to Dismiss Maher's Crossclaim is **DENIED** as moot.  (Doc. 50).

**IT IS FURTHER ORDERED** that Defendant Jeffrey Maher's "Motion for Leave to File Dismissal Without Prejudice" seeking dismissal without prejudice of his crossclaims against the other Defendants is **GRANTED**. (Doc. 55).

**IT IS FURTHER ORDERED** that Defendant Jeffrey Maher's "Motion to Dismiss" seeking dismissal of his counterclaim against State Farm is **GRANTED**. (Doc. 57).

Dated this 12th day of June, 2018.


   /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE